[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage. The plaintiff, Jeffrey D. Robinson, and the defendant, Dawn K. Robinson, whose maiden name was Sessa, were intermarried in Stamford, Connecticut on June 3, 1989. Both of the parties to this marriage, for at least twelve months next preceding the date of the filing of the complaint, have been residents of Connecticut. There are two minor children, issue of this marriage, Alexander Scott Robinson, born February 23, 1991, and Nicholas David Robinson, born January 23, 1996. The marriage between the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 37 years old and in good health. He has completed high school but not college. He was formerly a contractor and real estate agent. However, he is now an assistant manager with Peoples Bank at one of their branch offices. He earns there approximately $491 per week, net. This is the amount stated on his financial affidavit, excluding the deduction for his 401K loan. The court acknowledges that there was evidence concerning merit increase payments and bonuses. However, the court finds that this evidence of additional compensation was, at present, too speculative and contingent upon events which had not yet occurred. Therefore, the court reasonably relied upon the plaintiff's financial affidavit. CT Page 10078
The plaintiff has a second job as a bartender or waiter at a local restaurant. His stated net weekly income there is approximately $57. Again, the court acknowledges that there was evidence of greater income at this second job. However, the court accepts the plaintiff's explanation that, in the recent past, his income there has been shrinking, for reasons not of his own making.
The defendant is 34[1] years old and is also in good health. She is a college graduate. At the time she met the plaintiff, she was employed by the Xerox Corporation in their credit and collections department. She left Xerox at or about the time of the parties' first born child, in February, 1991, but later returned, only to be laid off by Xerox in May, 1995. What would have occurred to the defendant's career had she not been laid off is speculative, inasmuch as the parties had their second born child only a short while later, in January, 1996. Since the time of the defendant's lay-off by Xerox, she has resumed a full-time position as mother and caretaker of the children, and has not been employed.
The general but not excessive cause of the breakdown of this marriage rests with the plaintiff. He admits to having had to struggle financially during the marriage, feeling "inadequate" and becoming "resentful." However, the court would be remiss if it did not note that the plaintiff has has a girlfriend. a person he's known for some time. He is now living with that person.
This court has considered all of the evidence and C.G.S. §§ 46b-81 and 46b-82, and all of the statutes made and provided pertaining to dissolution of marriage actions, and enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The parties are awarded joint legal custody of the minor children, issue of the marriage; primary physical custody shall be with the defendant, and the plaintiff shall have rights of reasonable, flexible and liberal visitation.
(3) The plaintiff shall pay to the defendant, as and for child support, the sum of $235 per week; said support shall be payable semi-monthly on the first and fifteenth of every month, in advance. CT Page 10079
(4) The plaintiff shall pay to the defendant, as and for periodic alimony, the sum of $75 per week; said alimony shall be payable semi-monthly on the first and fifteenth of every month, in advance. Further, said alimony shall terminate upon the defendant's death, remarriage or statutory cohabitation, or by the fifth anniversary of the date of this decision, whichever first occurs. Finally, the first $15,000 of any gross income earned by the defendant shall not be the basis for a modification.
(5) The plaintiff is awarded the 1987 Honda automobile, and the defendant is awarded the 1989 Subaru automobile.
(6) The defendant is awarded $8,000 or fifty percent, whichever is greater, of the plaintiff's 401K account with Peoples Bank, as of the date of this decision, and the court shall continue to retain jurisdiction over the transfer of said account to the extent necessary.
(7) The plaintiff shall be responsible for, shall indemnify, and hold the defendant harmless against, any taxes, penalties, interest, assessments or like sums imposed by any taxing authority as the result of any jointly filed tax return of the parties.
(8) The plaintiff shall provide for the defendant, to the extent permitted by law, and for the minor children, all at his expense, such health, medical, dental and orthodontia insurance as may be reasonably available through his employment. The parties shall be equally responsible and liable for the cost of any uncovered or unreimbursed medical, dental, orthodontia, psychological or psychiatric expenses for (a) the defendant for so long as she is covered under the plaintiff' s health policy, and (b) the children.
(9) Except to the extent specifically set forth hereinbefore, each party shall retain all assets and be responsible for any liabilities shown on their respective financial affidavits.
(10) Each party shall be responsible for their own attorney's fees.
(11) Counsel for the plaintiff shall prepare the judgment file. CT Page 10080
So Ordered.
KAVANEWSKY, J.